**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

ARCH INSURANCE COMPANY,
a Missouri corporation,

        Plaintiff,

        v.                                        Case No.: 3:09-cv-395-RV-EMT

UNITED STATES OF AMERICA,
and AVENGE, INC., a Virginia
corporation,

        Defendants.
_____/

**ORDER**

        Pending is the United States of America's motion to dismiss the crossclaim of the defendant Avenge, Inc. (doc. 26).

**I. Background**

        For purposes of this order, the facts of the case are undisputed and can be stated briefly. On September 4, 2009, the plaintiff, Arch Insurance Company, filed this tort lawsuit against the United States and Avenge. The action arose out of the crash of a PC-12 aircraft at Hurlburt Field near Pensacola, Florida, on July 8, 2008. At the time of the crash, the aircraft was on a training mission in which United States Air Force ("USAF") pilots were receiving instruction on how to fly the PC-12. Under a contract with USAF, Avenge supplied the instructor pilots, and one of Avenge's pilots was on board the aircraft (along with two USAF pilots) at the time of the crash. No one was seriously injured, although the aircraft sustained considerable damage. Arch, which insured the aircraft, subsequently sued Avenge and the USAF for negligence. Avenge filed a crossclaim against the United States for (i) indemnification under the terms of the contract; (ii) breach of contract; and (iii) promissory estoppel and detrimental reliance. The United States now moves to

dismiss the crossclaim for lack of jurisdiction.

## II. Discussion

The United States has raised two grounds in its motion. First, it contends that this court lacks subject matter jurisdiction over the crossclaim because it is based on a contract between the United States and Avenge and, accordingly, the claim is controlled by the Contract Disputes Act ("CDA"), 41 U.S.C. § 601 et seq. (doc. 26-1 at 3, citing Blanchard v. St. Paul Fire & Marine Ins. Co., 341 F.2d 351, 358 (5th Cir. 1965)). According to the United States, and the 45-year old Blanchard case upon which it relies, jurisdiction over a contract claim such as this against the government is vested in the Court of Claims. Second, the United States urges that, assuming arguendo that this district court is otherwise authorized and empowered to consider the crossclaim, jurisdiction would still be lacking here because Avenge has failed to exhaust the administrative claims process under the CDA.

Avenge has filed a response in opposition to the United State's motion. It contends that, with respect to the first argument, the "jurisdictional landscape today . . . is not the simple black-and-white picture that the USA attempts to draw." It maintains that case law provides district courts may now consider both tort and contract claims involving the government, especially when the claim is a "defensive claim" for indemnification "that flows out of the primary tort claim."

I need not consider the United States's first argument --- nor address the arguments Avenge advances in response --- because it is clear the exhaustion argument has merit. The CDA explicitly requires that a contractor submit its claim to the contracting officer and exhaust the claim before initiating suit. 41 U.S.C. § 605(a). It is of no consequence that, on the facts of this case, Avenge's claim is a defensive crossclaim that seeks indemnification. This same issue was presented in Richland-Lexington Airport Dist. v. Atlas Properties, Inc., 854 F. Supp. 400 (D.S.C. 1994). The court in that case dismissed an indemnification crossclaim for breach of

*Case No.: 3:09-cv-395-RV-EMT*

contract against the United States, inter alia, for failure to exhaust and fully comply with the CDA. The district court explained that there is no jurisdiction "to entertain a contract dispute against the United States unless the administrative procedures articulated in the CDA have first been satisfied. This is in keeping with the general federal policy of requiring exhaustion of administrative remedies before seeking review by a court of competent jurisdiction." See id. at 415. Because the record in that case did not show "that a contracting officer has ever issued a decision with respect to [the crossclaim]," the district court held that the crossclaimant "failed to comply with the CDA because it did not first exhaust its administrative remedies." Id. at 415-16.

The United States has filed a declaration from the contracting officer, and she affirms that "Avenge Incorporated has not made any claims to me . . . under the Contract for any losses or damages associated with the crash of a Pilatus PC-12 on July 8, 2008." Avenge does not deny or dispute this fact. It seems clear, therefore, that Avenge did not exhaust its claim.[1]

**III. Conclusion**

Accordingly, the United State's motion to dismiss (doc. 26) is GRANTED, and Avenge's crossclaim is DISMISSED for failure to exhaust.

**DONE and ORDERED** this 26th day of March, 2010.

/s/ *Roger Vinson*
ROGER VINSON
Senior United States District Judge

---

[1] Avenge has perhaps impliedly conceded this point for nowhere in its response does it make any attempt to address the United State's exhaustion argument.

*Case No.: 3:09-cv-395-RV-EMT*